**Theodore HOREFTIS and David Gwyn, Individually and d/b/a Decker's Landing, Plaintiffs,**

v.

**NATIONAL FLOOD INSURERS ASSOCIATION, Defendant.**

No. 6–72374.

United States District Court,
E. D. Michigan, S. D.

Aug. 8, 1977.

McKoan & Silver by Paul F. Silver, Algonac, Mich., Arnold Garber, Southfield, Mich., Perlman, Garber & Holtz, P.C. by Arnold Garber, Southfield, Mich., for plaintiffs.

Harvey, Kruse & Westen, P.C. by Jonathan Martin, Detroit, Mich., for defendant.

## OPINION

FEIKENS, District Judge.

Plaintiffs Theodore Horeftis and David Gwyn, doing business as Decker's Landing, brought this action premised on the National Flood Insurance Act, 42 U.S.C. § 4053, to recover damages of $4,500 claimed to be owing under a flood insurance policy issued by defendant National Flood Insurer's Association. Their claim is based on certain damage which occurred to plaintiffs' business premises on January 10, 1975. In response to the complaint, defendant moved for summary judgment under FRCP 56, contending that plaintiffs' action is barred by the one year statute of limitations provided in 42 U.S.C. § 4053, which governs all actions brought under the National Flood Insurance Act:

> ". . . upon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance of the claim,* may institute an action on such claim against such company or other insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy." [Emphasis added]

In this case, the defendant mailed its notice of disallowance of plaintiffs' claim on October 10, 1975. This suit was not filed until October 20, 1976—one year and ten days later.

Opposing summary judgment, plaintiffs contend that defendant's October 10, 1975 notice of disallowance was superceded by a second notice of disallowance on January 21, 1976, and that this second notice should be controlling for purposes of applying the one year statute of limitations.

The Court agrees. Defendant, in its initial notice of October 10, 1975, gave two reasons for denying plaintiff's claim:

> The damages claimed are not as a result of direct physical damage from a general condition of flooding but were caused by moisture and high water which are excluded under your policy.

> Further, failure to notify your agent promptly of the loss constitutes a policy violation.

According to certain undisputed affidavits filed by plaintiffs in opposition to summary judgment, this second reason was incorrect. Plaintiffs had promptly informed their agent of their claim, and upon receiving this notice of disallowance, they, through their attorney, requested that their claim be re-opened. This request was communicated to defendant's insurance agent, who thereafter, on November 4, 1975, wrote a letter to the defendant's insurance adjuster, relating that plaintiffs had indeed filed their claim in a timely manner. Plaintiffs' counsel also communicated directly with defendant's claim adjuster, by telephone and by letter on November 13, 1975, requesting that the claim be re-opened on this basis. In response, the adjuster assured plaintiffs' attorney that the claim would be re-opened. The insurance agent stated to plaintiff that he thought his claim was worth processing. On December 18, 1975, the Life Insurance Company of North America, Pacific Employers Group, the actual carrier of plaintiffs' policy, sent a letter to plaintiffs' attorney stating:

> The original denial of this claim was made at the direction of the National Flood Insurer's Association.

> Your letter of November 13, 1975, and Mr. Burkhardt's letter dated November 4, 1975, was forwarded to the N.F.I.A. Once we receive their comments, your office will be promptly advised.

Finally, on January 21, 1976, the Insurance Company sent a second letter:

> Please be advised the National Flood Insurer's Association has reviewed the above captioned loss and are of the opinion the original denial was proper.

> The policy provides for "Direct Loss by "Flood". It is their opinion the damage

claimed by the insured is not the result of a "Direct Loss by "Flood" and they will be unable to respond in this matter.

This declination of liability is not limited solely to the above, but is subject to all the terms and conditions of the insured's policy FL282200 written by the National Flood Insurer's Association.

Defendant argues that this letter was merely an informal and non-binding response to plaintiffs' further inquiries, made more out of courtesy than out of any real basis for re-opening the claim. But the terms of the letter itself, and the context in which it was sent, argue otherwise. The court finds that defendant's letter of January 21, 1976 was a second denial of plaintiffs' claim on which plaintiff could reasonably rely in measuring the one year statute of limitations under § 4053. Plaintiffs' filing of this action on October 20, 1976 was therefore timely, and defendant's motion for summary judgment must be denied. An order is entered herewith.