**Joel FRIEDMAN and Brenda Sue Milligan, Plaintiffs,**

v.

**SOUTH CAROLINA INSURANCE COMPANY; Insurance Services of Pasco, Inc., n/k/a Coast to Coast Insurance Services, Inc.; and Joan Berman, Defendants.**

No. 93–2130–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

June 8, 1994.

Jack B. McPherson, McPherson, McGlinchey & Hammond, P.A., New Port Richey, FL, for plaintiffs.

Rebecca G. Casagrande, Butler, Burnette & Pappas, Robert Michael Daisley, and Lawrence Phillip Ingram, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for defendants.

*ORDER ON DEFENDANTS' MOTIONS TO STRIKE/MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant, South Carolina Insurance Company's, motion to strike (Docket NO. 5) and Defendants, Insurance Services of Pasco, Inc., n/k/a Coast to Coast Insurance Services, Inc. and Joan Berman's, motion to dismiss and motion to strike (Docket NO. 8), both filed February 22, 1994 and response thereto (Docket NO. 27), filed May 23, 1994.

## BACKGROUND

This is an insurance coverage action upon a flood policy issued pursuant to the National Flood Insurance Act of 1968. Plaintiffs', Joel Friedman and Brenda Sue Milligan, home was insured by Defendant, South Carolina Insurance Company, under a flood insurance policy purchased through Defendant, Insurance Services of Pasco, Inc., n/k/a Coast to Coast Insurance Services, Inc., and sold by their agent, Defendant Joan Berman. According to the complaint, Plaintiffs suffered a flood-related loss on March 13, 1993. Plaintiffs filed a claim alleging damage to the structure of their home and the contents therein. Defendant, South Carolina Insurance Company, paid the claim for damage to the structure and denied the claim for the contents, reasoning that the written insurance policy did not cover the contents of their home. Plaintiffs do not dispute the fact that their written policy does not expressly cover the contents of their home. However, Plaintiffs allege that during procurement of their policy they expressly notified Berman that they wanted coverage to include the contents of their home and that Berman represented to them that their policy would in fact include coverage of both their home and the contents therein. Furthermore, Plaintiffs allege that upon completion of the policy Berman represented the policy to have conformed with their requests. Based on the foregoing, Plaintiffs' complaint seeks declaratory judgment, reformation of the insurance contract to include the contents of their home, attorney's fees, and emotional distress damages under breach of contract theories.

**350**

Plaintiffs initially filed this action in state court; however, all parties stipulated to dismiss the state action without prejudice for refiling in this Court pursuant to this Court's jurisdiction under the National Flood Insurance Act of 1968.

### DISCUSSION

■ Under Rule 12(f) of the Federal Rules of Civil Procedure, a motion to strike will be granted if a pleading contains any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Defendant, South Carolina Insurance Company, moves to strike paragraphs 32, 33, 47, 48, 63, and 64 of Plaintiffs' complaint, alleging attorneys' fees and emotional distress damages are inappropriate remedies. Defendants, Insurance Services of Pasco, Inc., n/k/a Coast to Coast Insurance Services, Inc., and Joan Berman, move to strike paragraphs 78, 92, and 106 of Plaintiffs' complaint, challenging the recovery of emotional distress damages. However, because Defendants' motions to strike are directed towards specific theories of recovery which constitute neither an insufficient defense nor a redundant, immaterial, impertinent, or scandalous allegations, a motion to strike is inappropriate in this case.

■ On the other hand, the subject matter of this motion may be properly presented to the Court by means of a motion directed to the failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). The Court, in ruling on this motion, will only dismiss a claim if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Therefore, it must be demonstrated beyond doubt that there are no set of facts which would entitle Plaintiffs to attorneys' fees or emotional distress damages before this Court will dismiss their claims requesting such.

■ Plaintiffs argue that state-law remedies, which permit the recovery of attorneys' fees and emotional distress damages and are applicable to private insurance companies within the State, should be applied to cases arising under the National Flood Insurance Act of 1968. However, we are unable to agree with Plaintiffs' argument. In fact, case-law clearly indicates that federal common and statutory law preempts state principles of contract law for purposes of the interpretation of policies issued pursuant to the National Flood Insurance Act of 1968. *See, e.g., West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). Therefore, the Court must determine whether federal law permits the recovery of attorneys' fees and/or emotional distress damages in a breach of contract action where the contract is issued pursuant to the National Flood Insurance Act of 1968.

■ Plaintiffs seek to recover attorneys' fees pursuant to Florida's statutory scheme which provides for the award of fees against an insurer in the event that the insured is successful in the outcome of the litigation. Fla.Stat.Ann. 627.428 (West 1984). In addressing this issue, there are several federal court cases on point. *West v. Harris*, 573 F.2d 873 (5th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979); *Bains v. Hartford Fire Insurance Co.*, 440 F.Supp. 15 (N.D.Ga.1977); *Drewett v. Aetna Casualty & Surety Co.*, 539 F.2d 496 (5th Cir.1976); *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (5th Cir.1984). All of these cases are breach of contract actions where the contract had been issued pursuant to the National Flood Insurance Act of 1968. *Id.* The plaintiffs all sought attorneys' fees pursuant to their applicable state statutory remedies. *Id.* The courts, however, uniformly refused to apply the state remedies and held that there is no basis in federal law for the assessment of attorneys' fees. *Id.* Factually, Plaintiffs' claim is indistinguishable from that of the other plaintiffs in the federal court cases on point. Therefore, Plaintiffs cannot recover attorneys' fees in a breach of contract action where the contract is issued pursuant to the National Flood Insurance Act of 1968 because Florida's statutory law permitting the recovery is preempted by federal law which does not allow it.

Plaintiffs also seek to recover emotional distress damages pursuant to Florida case law which provides for the award where it can be shown that such damages were contemplated by the parties, or in the alternative, through Florida's statutory scheme which provides for the award whenever there is bad faith failure to settle on the part of the insurer. *See, e.g., Rondolino v. Northwestern Mutual Life Ins. Co.,* 788 F.Supp. 553 (M.D.Fla.1992); Fla.Stat.Ann. 624.155(1)(b). However, as previously noted, federal common and statutory law preempts state principles of contract law for purposes of the interpretation of policies issued pursuant to the National Flood Insurance Act of 1968. *See, e.g., West v. Harris,* 573 F.2d 873 (5th Cir. 1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979).

Therefore, because Plaintiffs' theories of recovery are state, rather than federally, based, they are not applicable to the case at hand. In federal breach of contract actions where the contract is issued pursuant to the National Flood Insurance Act of 1968, "The damages recoverable are pecuniary in nature, not personal, and the amount is based upon the readily ascertainable value of services and property." *West,* 573 F.2d at 883. Emotional distress damages are personal in nature, rather than pecuniary. Therefore, Plaintiffs cannot recover emotional distress damages in a breach of contract action where the contract is issued pursuant to the National Flood Insurance Act of 1968 because Florida's case and statutory law permitting the recovery is preempted by federal law.

Accordingly it is,

**ORDERED** and **ADJUDGED** that Defendants' motions to dismiss Plaintiffs' demands for attorneys' fees and emotional distress damages for failure to state a claim be **GRANTED** and the motions to strike (Docket NOs. 5 and 8) be **DENIED** as moot.

**DONE** and **ORDERED.**