STEELCRAFT, INC., Plaintiff,

v.

BANKERS & SHIPPERS INSURANCE CO., The Travelers Insurance Co., and Travelers Group, Defendants.

No. CIV. A. 95–40220.

United States District Court, D. Massachusetts.

Sept. 23, 1997.

Robert A. Cole, Shrewsbury, MA, for Plaintiff.

Brian P. Cassidy, Ronan, Segal & Harrington, Salem, MA, Sara M. Bloom, U.S. Attys. Office, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The defendants, Bankers & Shippers Insurance Co., The Travelers Insurance Co., and Travelers Group, move for summary judgment on three separate and alternative grounds:

1. plaintiff failed to comply with the one-year federal statute of limitations, and this Court, therefore, lacks subject matter jurisdiction;

2. plaintiff failed to file a sworn proof of loss within 60 days of the date of the loss, did not obtain a waiver from the Federal Insurance Administrator and is, therefore, barred from bringing this action; and

3. plaintiff is not entitled to damages and attorneys fees under M.G.L. c. 176D and c. 93A, and therefore Count II of the Complaint should be dismissed.

For the reasons set forth in this memorandum and order, defendants motion for summary judgment will be allowed.

## I. *Procedural Background*

Plaintiff, Steelcraft, Inc. (Steelcraft), filed the complaint in this case on December 7,„ 1995. The governmental defendants (WYO Flood Service Center, the National Flood Insurance Program, and the Federal Insurance Administration) were dismissed by endorsement order on June 10, 1996. On December 2, 1996, the remaining defendants (Bankers & Shippers Insurance Co., The Travelers Insurance Co., d.b.a. Travelers Premier, and Travelers Group, d.b.a. Travelers Premier (collectively "the Insurers")) filed a motion for summary judgment. On December 13, 1996, Steelcraft filed a motion to strike that motion for summary judgment which was denied, and Steelcraft filed its opposition to the Insurer's motion, per order of the Court, on May 16, 1997.

## II. *Facts*

The facts summarized here are, for the most part, agreed upon by the parties, but to the extent there is any disagreement, the facts are viewed in the light most favorable to Steelcraft. *See O'Connor v. Steeves,* 994 f.2d 905, 907 (1st Cir.1993).

Steelcraft is a Massachusetts corporation located in Millbury, Massachusetts. Bankers & Shippers Insurance Company provides flood insurance under the National Flood Insurance Act ("NFIA"), 42 U.S.C. 4001, et seq., by agreement with the Federal Emergency Management Agency ("FEMA") whereby Bankers is authorized to operate as a "Write–Your–Own" ("WYO") insurance company. Bankers was appointed by FEMA as its representative to issue a Standard Flood Insurance Policy ("SFIP") which Steelcraft bought and which is the subject matter of this action. Bankers acted pursuant to a Financial Assistance/Subsidy Arrangement with FEMA and the Federal Insurance Administration ("FIA"), a subsidiary agency of FEMA. FEMA, and, by extension, FIA, have been delegated authority to administer the National Flood Insurance Program ("NFIP"). Thus, although

Bankers administers the insurance policy, the government, through FEMA, pays the claims.

Steelcraft's insured building in Millbury acts as a dam on the Singletary Brook. Two pipes extend beneath the first of three floors in the building to transport overflow water into a sluiceway through a culvert under Burbank Road on which Steelcraft's building is located. Steelcraft alleges that flood damage occurred on various dates between May 1, 1994 and June 7, 1994.

Bankers received verbal notice of flood damage on or about May 9, 1994, written notice on June 30, 1994, and subsequent written notice (by way of a "first notice of loss") on August 3, 1994. No official Proof of Loss was filed until December 2, 1994, but Bankers sent an insurance agent to investigate the claim and inspect the property on August 4, 1994. By letter to its insurance agent dated October 17, 1994, Steelcraft's claim was denied on the grounds that there was no general condition of flooding. Steelcraft's president, Douglas Backman, received a copy of that letter shortly thereafter.

In response to Steelcraft's request to review the denial of coverage, the WYO Flood Service Center submitted a letter to which was attached a "Reservation of Rights" which was read and acknowledged by Mr. Backman. The document expressly reserved Bankers' right to investigate, negotiate and settle the claim and did not waive any of the provisions of the policy, Steelcraft's obligations thereunder, or any defense.

Although a Senior General Adjuster of the NFIP reinspected the loss, the WYO Flood Service simply reaffirmed the denial of coverage on December 9, 1994. Steelcraft filed the complaint in this case on December 7, 1995.

## III. *Discussion*

### A. *Statute of Limitations Bar*

Both federal law and the SFIP, as set forth in the Code of Federal Regulations, provide that upon the disallowance of a claim "or upon the refusal of a claimant to accept the amount upon any such claim, ..." the insured has 12 months from the date of mailing of the notice of disallowance to file suit in the United States District Court for the district where the property is located. 42 U.S.C. § 4072; SFIP, 44 C.F.R. Part 61, App. A(2), Article 8, General Conditions and Provisions, ¶ T. Steelcraft's claim was denied on October 17, 1994 and this suit was not filed until December 7, 1995.

■ Furthermore, the original denial of coverage on October 17, 1994 specifically stated that "legal action against the insurer must start within twelve months from the date [Bankers] mailed notice that this claim was denied." The subsequent denial on December 9, 1994 is of no solace to Steelcraft because a review in response to a request from policy holders does not extend the statute of limitations period. *Spence v. Omaha Indemnity Ins. Co.*, 996 F.2d 793, 794–95, n. 12 (5th Cir.1993) (one year statute of limitations period applicable to actions under flood policies issued by private NFIP participants); *State Bank of Coloma v. National Flood Ins. Program*, 851 F.2d 817, 819–20 (6th Cir.1988) (holding that 1) a letter offering 50% compromise of claim was a disallowance which caused the limitations period to run and 2) the period was not tolled by plaintiffs' timely filing of a prior action that was dismissed for failure to serve the proper defendant); *Wagner v. Director of the Federal Emergency Management Agency*, 847 F.2d 515, 519–21 (9th Cir.1988) (recognizing that "once FEMA has triggered the statute of limitations by issuing a denial, reconsideration of that denial or responding to further inquiries has no effect on the running of the limitations period"); *see also Godbold v. Federal Crop Ins. Corp.*, 365 F.Supp. 836, 838 (N.D.Miss.1973) (finding unequivocal the statute of limitations period for a claim for indemnity under FCIC policy); *cf. Horeftis v. National Flood Insurers Ass'n*, 437 F.Supp. 794 (E.D.Mich.1977) (finding that insurance company re-opened plaintiff's claim based upon adjuster's assurances to re-open and an intermediate letter suggesting reconsideration and that a second denial letter began running of limitations period anew).

Summary judgment will, therefore, be allowed based upon a strict reading of the statute of limitations.

## B. *Failure to File a Proof of Loss*

The SFIP provides that within 60 days after a flood loss, the insured is to send the insurer a proof of loss (a sworn statement including specific information about the claim). 44 C.F.R. Part 61, App. A(2), Article 8, General Conditions and Provisions, ¶ O. Although Steelcraft informed Bankers of its loss within 30 days, it did not file an official proof of loss until nearly six months later.

The Insurers cite several cases which suggest that the official filing of the proof of loss is crucial, i.e., an unofficial notice, verbal or written, the commencement of an investigation by the insurance company without an official proof of loss and the failure of the insurer to request a proof of loss are all irrelevant. *See M.D. Phelps v. Federal Emergency Management Agency,* 785 F.2d 13, 15–19 (1st Cir.1986) (finding that recovery was barred by insured's failure to file a proof of loss within 60 days despite insurance agent's verbal assurances that no written report was necessary); *Pavone, Inc. v. Secretary of Housing and Urban Development,* 547 F.Supp. 230, 231 (D.Conn.1982) (where, despite inspection of the property, acceptance of documentation and "notice of loss" and conveyance of a settlement offer, insurer did not constructively waive the 60–day proof of loss requirement); and *Continental Imports, Inc. v. Macy,* 510 F.Supp. 64, (E.D.Penn.1981) (where dispute over whether agency was federal or not had no bearing on the issues of when the policy was issued under the NFIA or the strict adherence to 60–day proof of loss requirement).

Steelcraft, however, cites cases which it contends suggest there are circumstances under which the 60–day requirement for filing proof of loss is waived based upon the insurer's conduct and statements. *See Dempsey v. Director, Federal Emergency Management Agency,* 549 F.Supp. 1334, 1340–41 (E.D.Ark.1982) (where failure of insured to file timely proof of loss because it was not requested of him and investigation was started without it did not preclude civil action); *Meister Bros., Inc. v. Macy,* 674 F.2d 1174, 1176–77 (7th Cir.1982) (same); *West Augusta Development Corp. v. Giuffrida,* 717 F.2d 139 (4th Cir.1983) (noting a disagreement among courts about the applicability of estoppel in cases involving failure to file timely proof of loss but not deciding the issue because plaintiff failed to meet all the elements of equitable estoppel). All the cases cited, however, are limited in scope and applicability by their terms.

This Court is convinced that the better reasoned and more persuasive authority holds that, with respect to claims under the NFIA, the insurer will not be equitably estopped from raising as a defense the insured's failure to file the required proof of loss within 60 days of the flood loss. Here, Steelcraft did not file its proof of loss until well after the 60–day limit and did not obtain a waiver of that requirement from the FIA. It is, therefore, barred from bringing this action. Although a somewhat closer case than with the Insurers' statute of limitations argument, summary judgment will be granted in favor of the Insurers on the ground of failure to file the proof of loss as well.

## C. *Multiple Damages*

In light of this Court's conclusions set forth in Sections A. and B. above, there is no need to address the issue of multiple damages.

## ORDER

For the reasons stated in the Memorandum, defendants motion for summary judgment on all counts is ALLOWED.

So Ordered.