Michael P. STAPLETON and Regina R. Stapleton, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY and Wayne Matthews, Defendants.

No. 98–1180–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

July 29, 1998.

Andrew K. Fritsch, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, FL, for Plaintiffs.

Lewis F. Collins, Jr., Butler, Burnette & Pappas, Tampa, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' Motion to Dismiss or Strike, (Docket No. 4), Defendants' Memorandum of Law in Support of their Motion to Dismiss or Strike, (Docket No. 5), and Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Strike. (Docket No. 10).

### Standard of Review

#### A. Motion to Dismiss

Under *Conley v. Gibson*, a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short plain statement of the claim" that will give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can only examine the four (4) corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995). However, when on the basis of a dispositive issue of law, no construction of factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991), *cert. denied*, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir.1991).

#### B. Motion to Strike

Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978), citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D.Wis.1981).

### Statement of Facts

On July 1, 1997, Defendant, State Farm Fire and Casualty Company (State Farm) issued an insurance policy covering the Plaintiffs' home pursuant to the National Flood Insurance Act of 1968 (hereinafter "NFIA"), and applicable Federal Regulations in Title 44 of the Code of Federal Regulations, Subchapter B. (Docket No. 5). Under this 12–month policy, State Farm agreed to provide

flood insurance to the Plaintiffs, Michael and Regina Stapleton, "against certain losses caused by flood events in accordance with the terms thereof." (Docket No. 2). On November 13, 1997, Plaintiffs' home experienced flooding, and when their insured property was damaged they filed a claim on the policy. (Docket No. 5). When Plaintiffs notified State Farm of their claim, it denied complete coverage under the policy as to the lowest floor of the Plaintiffs' property. (Docket No. 2).

Based upon a dispute over the policy's coverage, Plaintiffs filed their Complaint, (Docket No. 2), seeking declaratory judgement regarding their rights. (Docket No. 2). In addition, Plaintiffs alleged that Defendants were liable for breach of contract, fraud in the inducement, and deceptive and unfair trade practices. (Docket No. 2). Defendants filed their Motion to Dismiss or Strike, (Docket No. 4), and their Memorandum of Law in Support of their Motion to Dismiss or Strike with this Court on June 5, 1998. (Docket No. 5).

In their Motion to Dismiss or Strike, Defendants have requested that this Court dismiss Counts III and IV from Plaintiffs' Complaint, as well as, strike paragraphs 31, 32, and the demand for attorneys' fees from Count II of Plaintiffs' Complaint. (Docket No. 4). After a careful review of the record, this Court grants Defendants' Motion to Dismiss Counts III and Count IV, and Defendants' request to strike paragraphs 31, 32, and the demand for attorneys' fees from Count II of the Complaint for the following three reasons.

### Discussion

*I. This Court grants Defendants' Motion to Dismiss Count III of the Complaint, since state law causes of action are preempted by the NFIA.*

In their Complaint, Plaintiffs argued that they should be entitled to recover damages against Defendants in excess of those which were covered by their insurance policy. (Docket No. 2). Plaintiffs asserted that they detrimentally relied on the false statements of Defendant Mr. Wayne Matthews, an agent of State Farm, regarding full coverage of the lowest floor of their property. (Docket No. 2). As a result, the Stapletons have requested that this Court evaluate their claims of decreased property value, and their inability to secure reasonable and adequate insurance coverage. (Docket No. 2).

Defendants have asked this Court to dismiss Count III of the Complaint because Plaintiffs' claim for damages in this Count are barred by the NFIA. (Docket No. 5). After reviewing the record and analyzing the statute itself, this Court agrees with the Defendants' argument that state causes of action are barred by the NFIA.

The National Flood Insurance Act of 1968 has enabled the availability of flood insurance due to a joint partnership between the federal government and the private insurance industry. 42 U.S.C.A. § 4001(b), (d). The National Flood Insurance Program is a federally supervised and guaranteed program that is administered by the Federal Emergency Management Agency ("FEMA") pursuant to the NFIA and its corresponding regulation. *See* 44 C.F.R. §§ 59.1–77.2. Congress enacted this statute in order to limit damage caused by flood disasters through prevention and protective measures, and to make flood insurance "available on reasonable terms and conditions" to those who qualify. *See* 42 U.S.C. § 4001(a)(1)-(4).

Defendants correctly cited the plain language of § 4053 in support of their argument. The Act states that "Upon disallowance of a claim [under a policy of insurance issued pursuant to the National Flood Insurance Act of 1968, the insured] may institute an action on such claim against [the] company or other insurer." 42 U.S.C.A. § 4053 (1998). The language of the NFIA indicates that this Court may only review those cases that involve disputes in coverage, or breach of contract causes of action deriving from a denial of insurance claims. *Id.* Indeed, state law causes of action are not mentioned within the statutory framework of the NFIA.

Section 4053 provides that an insured may implement a cause of action on a "claim" on the policy when the claim has been "disallowed." *Id.* Nowhere is there explicit language indicating or referring to other causes of action that may arise out of a claims investigation. Since Congress intended to choose such narrow language when it drafted

the NFIA, neither the plain language nor the object of the policies of the NFIA provides for subject matter jurisdiction for state law causes of action arising out of flood insurance policies. *Van Holt v. Liberty Mutual Fire Insurance Co.*, 143 F.3d 783 (3rd Cir.1998).

Case-law within this district has clearly indicated that federal common law and statutory law preempts state common law and statutory remedies. *Friedman v. South Carolina Insurance Co.*, 855 F.Supp. 348, 350 (M.D.Fla.1994). Under the NFIA, the available remedies are described by this Court as "pecuniary in nature, not personal, and the amount is based upon the readily ascertainable value of services and property." *West v. Harris*, 573 F.2d 873 (5th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979). Based upon the above case law and statutory language of the NFIA, this Court grants Defendants' motion to dismiss Count III of Plaintiffs' Complaint.

*II. Defendants' argument that Count IV of the Plaintiffs' Complaint should be dismissed because it is a state law cause of action is valid.*

This Court has established that state law causes of action are preempted by the NFIA. *Friedman*, at 348. Therefore, Plaintiffs' argument that they should be able to assert a cause of action in this Court pursuant to the Florida Deceptive and Unfair Trade Practices Act, §§ 501.201–501.213, Florida Statutes, is without merit. Indeed, the text of the NFIA has illustrated the large administrative role of the federal government. 42 U.S.C.A. § 4053. Nowhere in this Act is there any mention of the statutory law of the forum state on any issue. *Id.* Based upon the absence of such legislative intent, this Court grants Defendants' Motion to Dismiss Count IV of Plaintiffs' Complaint.

*III. Defendants' request that this Court strike paragraphs 31, 32, and the demand for attorneys' fees in Count II of the Plaintiffs' Complaint is granted.*

Plaintiffs' assertion that they are entitled to attorneys' fees pursuant to violations of the Florida Deceptive and Unfair Trade Practices Act is impermissible. Plaintiffs misconstrued the meaning of *Friedman* when they made this assertion in the Complaint. In *Friedman*, this Court barred Plaintiffs' claims for recovering attorneys' fees in breach of contract claims pursuant to the NFIA. 855 F.Supp. 348, 350. In fact, due to an absence of credible evidence that federal law supports the assessment of attorneys' fees, other circuits have refused to apply state remedies in NFIA actions. *Id.* at 350. *See West*, 573 F.2d 873; *Bains v. Hartford Fire Insurance Co.*, 440 F.Supp. 15 (N.D.Ga.1977); *Drewett v. Aetna Casualty & Surety Co.*, 539 F.2d 496 (5th Cir.1976); *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (5th Cir.1984).

Since Plaintiffs' claims for attorneys' fees bear little relation to a cause of action under the NFIA, this Court grants Defendants' Motion to Strike paragraphs 31, 32, and the demand for attorneys' fees in Count II of Plaintiffs' Complaint.

### Conclusion

This Court concurs with Defendants' argument that state law causes of action are barred by the National Flood Insurance Act of 1968. Legislative intent derived from an interpretation of the statutory language of the NFIA, and relevant case law indicate that no substantial recognition of state law causes of action have occurred. Accordingly, it is

**ORDERED** that the Motion to Dismiss Count III of Plaintiffs' Complaint; the Motion to Dismiss Count IV of Plaintiffs' Complaint; the Motion to Strike paragraphs 31, 32, and the demand for attorneys' fees in Count II of Plaintiffs' Complaint be **granted;** and those portions of the complaint are dismissed with prejudice, leaving only Count I and the remainder of Count II to proceed herein.