**James Ike HOUSE, et ux, Plaintiffs,**

v.

**BANKERS INS. CO., Defendant.**

No. 98–829–Civ–T–17E

United States District Court,
M.D. Florida.

March 17, 1999.

William Newt Hudson, Law Offices of Wm. Newt Hudson, Tarpon Springs, FL, for plaintiffs.

Robert S. Walton, III, Bruce A. Aebel, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for defendant.

### ORDER ON MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion to Dismiss (Dkts.8–9) which

seeks to dismiss Plaintiffs' request for attorney's fees found in paragraph eight of Plaintiffs' Complaint. Plaintiffs did not file a response to this Motion. Also before the Court is Defendant's Motion for Summary Judgment (Dkts.12–14). Plaintiffs filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment (Dkt.17). This cause was previously removed from the County Court of Pinellas County, Florida (Dkt.4).

## STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the Plaintiff's Complaint to determine whether it sets forth sufficient allegations to establish a claim for relief. Under *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint for failure to state a claim solely on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Additionally, when deciding a motion to dismiss, a court must accept the truthfulness of well-pleaded facts and resolve them in the light most favorable to the Plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Beck v. Deloitte et al.*, 144 F.3d 732, 735–36 (11th Cir.1998) (quoting *St. Joseph's Hosp. Inc. v. Hospital Corp. of America, et al.*, 795 F.2d 948 (11th Cir.1986)).

To dismiss a complaint for failure to state a claim, the Plaintiff's complaint must only meet an exceedingly low standard of sufficiency. *See Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, when no construction of the facts can produce a cause of action as to a dispositive issue of law, dismissal is appropriate. *See Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991); *see also Powell v. United States*, 945 F.2d 374 (11th Cir.1991).

### B. Motion for Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue of material fact since a complete failure to prove an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law if the nonmoving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of genuine issues of material fact. *See id.* That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *Id.* at 323, 106 S.Ct. 2548. "Issues of fact are 'genuine' only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *See id.* at 248, 106 S.Ct. 2505.

In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th

Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *See Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern R.R. Co.,* 414 F.2d 292 (5th Cir. 1969)).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of "nothing more than a repetition of his conclusional allegations" summary judgement is not only proper, but is required. *See Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981). Using these standards, the Court turns to the consideration of the claims asserted.

## BACKGROUND

This action, brought by Plaintiffs James and Mary House, involves a flood insurance policy issued pursuant to the National Flood Insurance Act of 1968 (NFIA) by Defendant, Bankers Insurance Company. After their property sustained flood damage in October of 1996, Plaintiffs filed a claim under their policy. On December 20, 1996, Defendant issued a letter to Plaintiffs that read:

This letter will serve as a formal rejection of the Proof of Loss you have submitted November 24, 1996, on the above-captioned property.... We are enclosing a new Proof of Loss for your completion. Upon receipt of the properly executed Proof of Loss we will issue the undisputed amount of the claim to you.

On August 18, 1997, Defendant sent another letter to Plaintiff requesting documentation of the repairs reported in the proof of loss. This letter stated in part: "Your flood claim remains open pending verification and documentation that your 1993 flood repairs were made." The final letter dated, December 1, 1997, read:

We have not heard from you since our last conversation. Please submit all receipts or repair proofs as soon as possible. If we do not hear from you within the next ten (10) days, we will assume you no longer wish to pursue your claim, and we will close our file.

Plaintiffs filed their Complaint on March 23, 1998 in the County Court of Pinellas County, Florida. Defendant filed for removal and the case was removed to this Court on April 20, 1998 (Dkts.1, 4).

## DISCUSSION

A. Dismissal of Request for Attorney's Fees

In paragraph 8 of their Complaint, Plaintiffs request reasonable attorney's fees pursuant to Section 627.428 of the Florida Statutes. Section 627.428 requires a court to assess reasonable attorney's fees to the insured in a controversy against an insurer where the insured prevails. *See* Fla.Stat.Ann. § 627.428 (West 1998).

■ In its Motion to Dismiss, Defendant requests that the Court deny Plaintiffs' request for attorney's fees. Defendant cites *Friedman v. South Carolina Ins. Co.,* 855 F.Supp. 348 (M.D.Fla.1994), as standing for the premise that, in cases involving contracts issued under the NFIA, federal law preempts state law. Further, Defendant asserts that the Plaintiffs in *Friedman* had requested reasonable attorney's fees, but were denied relief by this Court. As *Friedman* and the present case are similarly founded upon breaches of NFIA contracts, Defendant moves to dismiss Plaintiffs' request in this case. *See id.*

The National Flood Insurance Act was adopted in 1968 in response to the exorbitant premiums flood insurers charged at the time. *See* 42 U.S.C.A. § 4001(a) (West 1998). Under this Act, private insurers can issue policies that are reinsured and subsidized by the Federal Emergency Management Agency (FEMA). *See* 42 U.S.C.A. at § 4001(b), (d). FEMA has

delegated the authority to issue "Write Your Own" (WYO) policies to private insurance companies. 44 C.F.R. § 61.13(f) (1999). However, the language of WYO policies is dictated by the Code of Federal Regulations and cannot be changed without special permission. *See* 44 C.F.R. § 59 (1999). In fact, while many types of homeowner's insurance are governed by state law, most flood insurance policies are governed by federal law under the NFIA. *See* Craig M. Collins, *Flood Insurance is Not All Created Equal,* 74 N.D.L.Rev. 35 (1998) (discussing history and conditions of the NFIA).

In the case at hand, Bankers Insurance Co. issued Plaintiffs a "Standard Flood Insurance Policy." As stated in the policy itself, Plaintiffs' "standard policy" is governed by the NFIA. It was established in *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978), that the national "interest in uniformity of decision ... mandates the application of federal law" in NFIA disputes. *See also Friedman v. South Carolina Ins. Co.,* 855 F.Supp. 348 (M.D.Fla. 1994) (adopting the holding in West that federal law preempts state law in NFIA cases). Moreover, federal law does not allow the recovery of attorney's fees. *See id.* As such, it is well established that individuals insured by private insurers under the NFIA are not entitled to attorney's fees. *See West* 573 F.2d at 881–82; *Stapleton v. State Farm Fire and Cas. Co.,* 11 F.Supp.2d 1344, 1347 (M.D.Fla.1998); *Friedman,* 855 F.Supp. at 350–51; *Durkin v. State Farm Mut. Ins. Co.,* 3 F.Supp.2d 724, 729 (E.D.La.1997). Consequently, Plaintiffs' request for attorney's fees is dismissed.

### B. Motion for Summary Judgment

Defendant moves for the entry of summary judgment on the grounds that Plaintiffs are barred from relief by a twelve month statute of limitations. Defendant asserts that this limitation period is mandated by the Standard Flood Insurance Policy and the applicable Code of Federal Regulations governing flood insurance coverage. More specifically, 44 C.F.R. § 61, App. A(1) (1999) states:

R. Conditions for filing a Lawsuit: You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss.

In addition, Defendant cites 44 C.F.R. § 62.22(a) (1999) as providing the time limitations for suit under the Standard Flood Insurance Policy. This provision in essence provides a one year statute of limitations:

"Upon the disallowance by the Federal Insurance Administration or the servicing agent of any claim on grounds other than failure to file a proof of loss, or upon the refusal of the claimant to accept the amount allowed upon any such claim, after appraisal pursuant to policy provisions, the claimant within one year after the date of mailing by the Federal Insurance Administration or the servicing agent of the notice of disallowance or a partial disallowance of the claim may, pursuant to 42 U.S.C. 4072, institute an action on such claim ..."

*Id.*

Defendant asserts that the Court in *Wagner v. Director, Fed. Emergency Management Agency,* 847 F.2d 515 (9th Cir.1988), found that the twelve-month limitations period was triggered by the mailing of a notice of denial or partial disallowance of the flood claim. Further, the phase "disallowance or partial disallowance" was interpreted by a sixth circuit court to include a letter offering a 50% compromise. *See State Bank of Coloma v. National Flood Ins. Program,* 851 F.2d 817 (6th Cir.1988). Defendant equates the letter in *Coloma,* that was construed as a

rejection of the claim, to the letter from Bankers Insurance in the present case.

Most persuasively, Defendants highlight the provision of the Standard Flood Insurance Policy that deals with the consequences of a rejection of a proof of loss. *See* 44 C.F.R.Pt. 61, App. A(1) at 4.L. This provision provides:

> If we reject your proof of loss in whole or in part, *you may accept such denial of your claim,* or exercise your rights under this policy, or file an amended proof of loss as long as it is filed within 60 days of the date of the loss or any extension of time allowed by the Administrator (emphasis added).

*Id.* From this, Defendant asserts that Plaintiffs are barred by the statute of limitations.

Plaintiffs maintain that Defendant has never formally denied Plaintiffs' claim, but rather has only rejected Plaintiffs' proof of loss. Because of this distinction between the terms "claim" and "proof of loss," Plaintiffs contend that the letter dated December 20, 1996 did not serve as a "disallowance or partial disallowance" of the claim.

Alternatively, Plaintiffs assert that even if the Court finds that the rejection of the proof of loss was a rejection of the claim, there still exists a genuine issue of material fact as to whether Defendant reopened Plaintiffs' claim. Plaintiffs base this theory on subsequent letters sent to Plaintiffs by Defendant, as well as Defendant's ability to allow Plaintiffs an extension of time to submit their amended proof of loss. *See* 44 C.F.R.Pt. 61, App. A(1) at 4.L.

 Plaintiff concedes that the right to sue is governed by a twelve-month statute of limitations. The question the Court must determine is at what time was the limitations period triggered. The law dictates that the statute of limitations begins to run upon "notice of disallowance or a partial disallowance of the claim." *Id.* That is, the limitations period begins once a claim, or part thereof, is denied. *See also* 44 C.F.R. § 61, App. A(a) (1999). However, the argument in this case hinges upon the ambiguity between "proof of loss" and "claim."

While recognizing the language of 44 C.F.R.Pt. 61, App. A(1) at 4.L (1999) (stating "[i]f we reject your proof of loss in whole or in part, you may accept such denial of your claim ...."), the Court cannot say as a matter of law that Plaintiffs' claim was rejected by the December 20, 1996 letter. The December 20, 1996 letter served as a "formal rejection of the proof of loss submitted November 24, 1996." (Aff. of James Ike House at Ex. B.) Nowhere in this letter did Defendant disallow Plaintiffs' claim. In fact, this letter enclosed another proof of loss. *See id.* Upon the receipt of this new proof of loss, Defendant would "issue the undisputed amount of the claim to [Plaintiffs]" (emphasis added). *Id.* Left at this, Defendant had itself differentiated between the rejection of the proof of loss and the rejection of the entire claim.

The next letter sent August 18, 1997 read: "Your flood claim remained open pending verification and documentation that your 1993 flood repairs were made" (emphasis added). (Aff. of James Ike House at Ex. C.) Additionally, Defendant continued to correspond with Plaintiffs. On December 1, 1997, Defendant sent a letter stating: "If we do not hear from you within the next ten (10) days, we will assume you no longer wish to pursue your claim, and we will close our file." (*Id.* at Ex. D.)

This Court is under the duty to view the facts in the light most favorable to the non-moving party. *Sweat,* 708 F.2d at 656. In its August 18th letter, Defendant unequivocally states that Plaintiffs' claim remains open. (Aff. of James Ike House at Ex. C.) This statement runs contrary to Defendant's contention that the rejection of the proof of loss disallowed Plaintiffs' substantive claim. Further, even if the statute of limitations began to run on this date, when the claim was still open, Plaintiffs would still be within the twelve-month limitations period at the time of filing.

**1334**

Moreover, the December 1, 1997 letter implies that the claim was still open as of that date. Giving Plaintiffs ten days in which to pursue their claim, Defendant affirmatively stated that it would "close its file" at the end of that period. (*Id.* at Ex. D.)

In *Horeftis v. National Flood Insurers Ass'n*, 437 F.Supp. 794 (E.D.Mich.1977), a subsequent letter to an insured was found to reopen Plaintiff's claim. The Court in Horeftis found that a second denial, after a previous disallowance of the insured's claim, was the claim "on which plaintiff could reasonably rely in measuring the one year statute of limitations under § 4053." *Horeftis*, 437 F.Supp. at 796. The same holds true for the case at hand. Plaintiffs could not be expected to file suit during the period that Defendant represented the claim remained open and resolvable. Further, the Court in *Coloma* similarly dealt with a claim rejection letter. *See Coloma* 851 F.2d at 819. The Court found that a notice providing: "[I]f we do not receive a response within fifteen (15) days, we will close this file without payment due to your failure to pursue the matter" categorically rejected part of the Plaintiff's claim. *Id.* The last letter sent by Defendant in this case practically mirrors the letter in *Coloma*. (Aff. of James Ike House at Ex. D.) In light of this, the Court finds that the December 1, 1997 letter established a clear disallowance of Plaintiffs' claim. The letters sent prior to December 1st were insufficient to establish a disallowance of Plaintiffs' claim. As genuine issues of material fact clearly exist, Defendant's Motion for Summary Judgment is denied. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt.8) is **granted.** Defendant's Motion for Summary Judgment (Dkts.12–14) is **denied.**

**DONE** and **ORDERED**