Robert BIANCHI and Janet Bianchi, Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Ron Emilio, Defendants.

No. C–98–20722–JW.

United States District Court, N.D. California, San Jose Division.

Aug. 28, 2000.

Alan L. Martini, Sheuerman Martini & Tabari, San Jose, CA, for plaintiff.

David Demo, Thornton Taylor Downs Becker Tolson & Doherty, San Francisco, CA, for defendant.

## AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AND GRANTING DEFENDANTS' MOTIONS TO STRIKE [1]

WARE, District Judge.

### I. INTRODUCTION

Defendants move to dismiss Plaintiffs' state law claim for breach of the implied covenant of good faith and fair dealing and to strike their prayers for punitive and emotional distress damages and attorneys' fees on the ground that the National Flood Insurance Act of 1968 ("NFIA") preempts such a state law claim. The Court finds that the state law claim is barred by the NFIA and dismisses it from this case. In addition, remedies sought by Plaintiffs are disallowed by NFIA and thus, the Court orders the prayer for punitive damages, emotional distress damages and attorneys' fees stricken.

### II. BACKGROUND

In February 1997, Plaintiffs Robert and Janet Bianchi purchased flood insurance from Defendant State Farm and Casualty Company through its authorized agent Ron Emilio. The policy was issued pursuant to the National Flood Insurance Act ("NFIA") of 1968. Ron Emilio sold to Plaintiffs a standard State Farm flood insurance policy which insured the "dwelling" of Plaintiffs' home at 1530 Dana Avenue, Palo Alto, California, against loss of damage by or from a flood in an amount of up to $188,100.00. The policy was effective from February 23, 1997 to February 23, 1998. On February 3, 1998, Plaintiffs' home was flooded when water from the

---

1. The Amended Order Granting Defendants' Motion to Dismiss--Plaintiffs' Second Cause of Action And Granting Defendants' Motions To Strike, filed on December 2, 1998, is withdrawn.

nearby San Francisquito Creek overflowed and poured onto Plaintiffs' property. The flood allegedly damaged both Plaintiffs' dwelling and personal property in an amount exceeding the limits of the flood insurance policy. In accordance with the policy, Plaintiffs submitted a written proof of loss to Defendants on April 27, 1998. In response, Defendant State Farm tendered a check to Plaintiffs for $75,000.00.

Plaintiffs contend that the $75,000.00 is insufficient to pay the covered loss. Plaintiffs contend that State Farm has breached the policy and has in bad faith refused to pay Plaintiffs the full benefits under the policy. Plaintiffs brought the current action against both State Farm and its agent, Ron Emilio. Plaintiffs are suing State Farm for breach of the insurance contract and breach of the covenant of good faith and fair dealing. Plaintiffs are suing Ron Emilio for negligently procuring an insurance policy with a coverage limitation that is inconsistent with the coverage limitation the Bianchis had originally agreed to.

Defendants move to dismiss Plaintiffs' second cause of action for breach of the implied covenant of good faith and fair dealing. Defendants also move to strike Plaintiffs' request for emotional distress damages, exemplary damages and attorneys' fees and to strike Plaintiffs' sur-rebuttal and notice of newly published case law.

## III. STANDARDS

Pursuant to Rule 12(b)(6), Fed.R.Civ.P., a claim may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984). When ruling on a motion to dismiss, "[a]ll material allegations in the complaint are to be taken as true and construed in the light most favorable to the non-moving party." *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir.1986); *NL Indus., Inc. v. Kaplan,*

792 F.2d 896, 898 (9th Cir.1986). However, the Court will not accept wholly conclusory allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976). Further, when on the basis of a dispositive issue of law, no construction of factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).

## IV. DISCUSSION

### A. Plaintiffs' Claim for Breach of the Covenant of Good Faith and Fair Dealing is Not Recognized Under the NFIA

The National Flood Insurance Act of 1968 has enabled the availability of flood insurance due to a joint partnership between the federal government and the private insurance industry. 42 U.S.C. § 4001(b), (d). The National Flood Insurance Program is a federally supervised and guaranteed program that is administered by the Federal Emergency Management Agency ("FEMA") pursuant to the NFIA and its corresponding regulations. See 44 C.F.R. §§ 59.1–77.2. Congress enacted this statute in order to limit damage caused by flood disasters through prevention and protective measures, and to make flood insurance "available on reasonable terms and conditions" to those who qualify. 42 U.S.C. § 4001(a)(1)-(4).

In addressing the issue of whether state or federal law should apply in resolving disputes arising from a policy issued pursuant to the NFIA, the 5th Circuit in *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978), stated:

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and

since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity... mandates the application of federal law.

*See also, Seattle Fur Exchange, Inc., v. Foreign Credit Insurance Association,* 7 F.3d 158, 160 (9th Cir.1993)(federal law applies where an action was brought seeking compensation for a loss under a federal flood insurance policy); *Brazil v. Giuffrida,* 763 F.2d 1072, 1075 (9th Cir.1985)(federal law controls the interpretation of the NFIA policy in issue); *Robert Stevens, et al., v. Bankers Insurance Co.,* 970 F.Supp. 769, 771 (N.D.Cal.1997)(federal law controls the interpretation of Standard Flood Insurance Policy issued pursuant to the NFIA).

■ Although it is clear that federal law governs disputes over coverage arising under the NFIA, the issue before this Court is whether Plaintiffs' state claim for breach of the covenant of good faith and fair dealing claim is recognized under the NFIA. Based upon the statutory language of the NFIA and case law, the Court finds that it is not.

A plain reading of the NFIA supports the Court's conclusion that Plaintiffs' bad faith claim is preempted by the NFIA. The NFIA states that upon the "disallowance of the claim [under a policy of insurance issued pursuant to the National Flood Insurance Act of 1968, the insured] may institute an action on such claim against [the] company or other insurer." 42 U.S.C. § 4072. The Court interprets this language to refer to claims challenging the insurer's failure to pay a "claim." The full text of 42 U.S.C. § 4072 provides:

In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claim-

ant to accept the amount allowed upon any such claim, the *claimant,* within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, *may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.*

42 U.S.C. § 4072 (emphasis added). Section 4072 originally provided that upon disallowance of a claim, the insured could file an action in the "district court in which the insured property was situated." In 1983, Congress amended the statute to add the words "original exclusive" to define jurisdiction conferred on the district court. The amendment underscores Congress' intent to make district court jurisdiction exclusive and to disallow remedies in state court. 42 U.S.C. § 4072.

It is important to note that the language of Section 4072 makes no mention of other causes of action that may be brought as a result of the insurer's failure to pay a claim. At least one court has noted that Congress could have chosen to use broader language, such as "relating to the insurance policy" or "relating to the claim's investigation or adjustment," but chose not to do so. *Van Holt v. Liberty Mutual Fire Insurance Co.,* 143 F.3d 783, 787 (3rd Cir.1998). Since Congress intended to choose such narrow language when it drafted the NFIA, a plain reading of the statute indicates that other causes of action, including state claims, are not cognizable under the NFIA.

Furthermore, several recent cases have held that state law causes of action, arising under policies issued pursuant to NFIA, are preempted by the NFIA. *Stapleton v. State Farm Fire and Casualty Co.,* 1998 WL 449282 at *3 (M.D.Fla.1998)(citing *Friedman v. South Carolina Insurance*

*Co. et al.,* 855 F.Supp. 348, 350 (M.D.Fla. 1994)). Most notably, in *Stapleton,* the court granted Defendant's motion to dismiss Plaintiffs' state claims because they were preempted by the NFIA. Defendant State Farm Fire and Casualty Company issued an insurance policy covering Plaintiffs' home for flood insurance pursuant to the NFIA. During the period of coverage, Plaintiffs' home suffered from flood damage and Plaintiffs subsequently filed a claim. State Farm denied complete coverage as to the lowest floor of the Plaintiffs' property. Plaintiffs filed suit alleging the following causes of action: breach of contract, fraud in the inducement, and deceptive and unfair trade practices. Defendants filed a motion to dismiss Plaintiffs' state claims arguing that those claims are barred by the NFIA. The Court agreed with State Farm and granted Defendants' motion to dismiss on the ground that state law causes of action are preempted by the NFIA. *Id.*

Similarly here, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is a state claim and therefore should be barred. This conclusion is consistent with the original intent of Congress in enacting the NFIA and fosters uniformity in this federal statutory scheme. Furthermore, by not permitting Plaintiffs to pursue a bad faith claim under the NFIA, the cost of providing flood insurance at an affordable rate will remain possible.

In sum, based on the statutory language of the NFIA and case law, Plaintiffs' claim for breach of the covenant of good faith and fair dealing is not recognized under the NFIA and is therefore barred. Accordingly, this Court grants Defendants' Motion to Dismiss the second cause of action for breach of covenant of good faith and fair dealing with prejudice.

### B. Punitive Damages, Emotional Distress Damages, And Attorneys' Fees Are Not Recoverable

■ Pursuant to FRCP 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike serves two basic functions. It provides an early challenge to the legal sufficiency of a defense, *California v. United States,* 512 F.Supp. 36, 38 (N.D.Cal.1981), and is also the primary method to attack defects or objections that cannot be addressed by a motion to dismiss.

"Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983). A 12(f) motion is proper "when the defense is insufficient as a matter of law." *Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982). A motion to strike may also be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, 820 (N.D.Cal.1992). "Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored ... and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.,* 719 F.Supp. 1072 (M.D.Fla.1989).

■ The Court grants Defendants' Motion to Strike on three grounds. First, in federal breach of contract actions where the contract is issued pursuant to the NFIA, "the damages recoverable are pecuniary in nature and not personal." *Friedman v. South Carolina Ins.,* 855 F.Supp. 348, 351 (M.D.Fla.1994)(citing *West v. Harris,* 573 F.2d 873, 883 (5th Cir.1978)). Emotional distress damages are clearly personal in nature rather than pecuniary. They are not recoverable. *Id.* Thus, Plaintiffs cannot recover emotional distress damages in a breach of contract action where the contract is issued pursuant to the NFIA. *Id.*

842

■ Second, there is no authorization within the statutes or the regulations of the National Flood Insurance Act which allow the recovery of punitive damages. *Eddins v. Omega Insurance Co.,* 825 F.Supp. 752, 753 (N.D.Miss.1993).

■ Lastly, in breach of contract actions where the contract had been issued pursuant to the NFIA, prevailing Plaintiffs have tried to seek attorneys' fees pursuant to their respective state statutory remedies. The courts, however, uniformly refused to apply the state remedies and have held that there is no basis in federal law for the assessment of attorneys' fees. See *Friedman v. South Carolina Insurance Co.,* 855 F.Supp. 348, 350 (M.D.Fla.1994). California's statutory law permitting the recovery of attorneys' fees is preempted by federal law which does not allow it. Defendants' motion to strike Plaintiffs' request for emotional distress damages, exemplary damages and attorneys' fees is granted.

### C. Plaintiffs' Sur-rebuttal and Notice of Newly Published Case Law Are Stricken

The Court grants both Defendants' motions to strike Plaintiffs' Sur-rebuttal and Plaintiffs' Notice of Newly Published Case Law. Civil Local Rule 7–3(e) states that "once a reply is filed, no additional memoranda, papers or letters shall be filed without prior court approval." However, prior to the noticed hearing date, counsel "may bring to the court's attention a relevant judicial opinion published after the date the reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion without argument."

In this case, counsel for Plaintiffs has clearly violated Local Rule 7–3(e) by filing a sur-rebuttal without prior court approval. Secondly, the recent decision that Plaintiffs' counsel refers to is a 1997 case that was published and available before the date the reply brief was filed. There-

fore, Defendants' motions to strike are granted.

### IV. CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss the second cause of action and motions to strike are granted.