**Glen DREWETT**

v.

**AETNA CASUALTY & SURETY COMPANY et al.**

**Jessie J. CLINE**

v.

**AETNA CASUALTY & SURETY CO. et al.**

**L. B. YOUNG**

v.

**NATIONAL FLOOD INSURERS ASSOCIATION.**

**Barry Lynn MITCHELL**

v.

**AETNA CASUALTY & SURETY COMPANY.**

Civ. A. Nos. 74–806, 750502, 750791 and 750470.

United States District Court, W. D. Louisiana, Alexandria Division.

Oct. 10, 1975.

Long & Peters, Speedy O. Long, Jena, La., for Glen Drewett.

Edward E. Roberts, Jr., Alexandria, La., for Barry Lynn Mitchell.

Stephen E. Everett, Alexandria, La., for Jessie J. Cline.

R. H. Hulse, Bunkie, La., for L. B. Young.

P. A. Bienvenu, P. Albert Bienvenu, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, La., for defendants.

### RULING

NAUMAN, S. SCOTT, District Judge.

Defendants in each of the above actions have moved the Court to strike

plaintiffs' demands for penalties and attorneys fees.

■ Federal Rules of Civil Procedure, Rule 12(f) provides that the motion to strike is directed toward any insufficient defense or redundant, immaterial, impertinent or scandalous matter. Defendants' motion to strike herein is directed toward a specific allegation in the complaint; that is, plaintiffs' demand for penalties and attorneys fees theoretically provided for by Louisiana Revised Statutes 22:658. It is clear that this specific allegation of the complaint constitutes neither an insufficient defense nor a redundant, immaterial, impertinent or scandalous allegation such as covered by the motion to strike. Therefore, that particular procedural device is inappropriate in this case. Wright & Miller, *Federal Practice and Procedure*, Section 1380.

On the other hand, the subject matter of this motion may be properly presented to the Court by means of a motion directed to the failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). Authorities indicate that this motion may be used to challenge the sufficiency of part of a pleading such as a single count or claim for relief. Wright & Miller, *Federal Practice and Procedure*, Section 1358. Although at first blush this motion would seem to be untimely [F.R.C.P. 12(b), F.R.C.P. 12(h)], certain jurisprudence indicates that the Court in its discretion may consider the motion anytime prior to trial. *Albachten v. Corbett*, 156 F.Supp. 863 (S.D.Cal. 1957). In the exercise of its discretion the Court has decided to reach the merits of this motion.

Defendants question the appropriateness of application of Louisiana Revised Statutes 22:658 to a flood insurance claim brought under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*. Louisiana Revised Statutes 22:658 provides that if the insurer has not paid the claim within sixty days after receipt of satisfactory proofs of loss and such failure is found to be arbitrary, capricious or without probable cause that failure to pay shall subject the insurer to penalties and attorneys fees. Movants argue that this lawsuit is governed by a comprehensive scheme of Federal law [National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*] which makes no provision for the assessment of penalties and attorneys fees, and that State statutes cannot be applied to vary or contradict Federal legislation. In opposition to this argument plaintiffs state that since the National Flood Insurance Act is silent on the subject of penalties and attorneys fees and since the Federal program provides for cooperative effort between the Federal Government and private insurance companies, State regulations applicable to those private insurance companies within the State should be applied to cases arising under this Federal Act.

■ We are unable to agree with plaintiffs' argument. In enacting the National Flood Insurance Act of 1968, Congress found that large scale participation of the Federal Government was necessary because many factors made it uneconomic for the private insurance industry alone to make flood insurance available to those in need of such protection on reasonable terms and conditions. 42 U.S.C. § 4001(b). We can but hazard a guess that Federal assistance was necessary, because insurers faced a problem of national proportions, that is, the damage caused by flooding, hurricanes and other natural disasters, restricted by State regulations in each state where damage was sustained. Responding to this finding of need, Congress enacted the National Flood Insurance Act to provide a pooling of private insurance industry efforts with large scale federal financial assistance. Insurance coverage and rates are governed by federal regulation. 24 C.F.R. 1911. The Act authorizes the Secretary of Housing and Urban Development to prescribe regulations establishing the method for adjustment and payment of claims [42 U.S.C. § 4019; 24 C.F.R. §§ 1912.21, 1912.22]. Further, the Act grants claimants access to the United States Court for the District in which the insured property or major

part thereof is situated by special jurisdictional grant without regard to the amount in controversy [42 U.S.C. § 4083] to insure speedy judicial review of any denial of coverage. We think it clear that Congress intended only Federal law to apply to claims arising under the National Flood Insurance Act.

In light of the above considerations, defendants' motion to dismiss the demand for penalties and attorneys fees for failure to state a claim upon which relief can be granted is hereby granted.