James **EDDINS**, et ux, **Plaintiffs,**

v.

**OMEGA INSURANCE COMPANY, Defendant.**

**Civ. A. No. 1:92CV105–S–G.**

United States District Court, N.D. Mississippi, E.D.

July 7, 1993.

Armstrong Walters, Walters and Walters, Columbus, MS, for plaintiffs.

F.M. Bush, III, G. Kay Trapp, Phelps Dunbar, Tupelo, MS, Nancy Scott Degan, Paul L. Peyronnin, Phelps Dunbar, New Orleans, LA, for defendant.

## MEMORANDUM OPINION GRANTING PARTIAL SUMMARY JUDGMENT

SENTER, Chief Judge.

This cause is before the court on the motion of the defendant for partial summary judgment. This court has exclusive federal question jurisdiction pursuant to 42 U.S.C. § 4053. The issue before the court is whether punitive damages are recoverable against the defendant for certain acts involving an insurance policy issued by the defendant under the National Flood Insurance Program (NFIP).

### Facts

On or about April 9, 1990, the plaintiffs obtained a flood insurance dwelling policy from the defendant. In rapid succession, the plaintiffs' insured home was flooded three different times. The first occurred around December 22, 1991, for which the plaintiffs were paid $12,568.00. No repairs were made after the December flood. The second flood occurred in February of 1991. Although the plaintiffs did not complete a proof of loss form, the defendant retained adjuster Al Moody to investigate an oral complaint from the plaintiffs that their home had received foundation damage. Mr. Moody did not find any structural damage, but contacted local engineer, Mr. A.K. Rosenhan, to determine whether the plaintiffs' house had sustained any structural or foundation damage from the February flood. Mr. Rosenhan reported that the abnormal alignment of the home had not been caused by the flood waters. The final flood occurred on or about May 27, 1991, for which the plaintiffs were paid

$2,787.65. The plaintiffs have sued to recover from the defendant compensatory damages for structural damages allegedly sustained by their home during the February 1991 flood, and punitive damages against the defendant for its arbitrary failure to pay the compensatory damages.

### Discussion

The Fifth Circuit in *West v. Harris,* 573 F.2d 873 (5th Cir.1978), held that federal law controls cases brought under the National Flood Insurance Act of 1968.

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law. Thus, a prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage.

*Id.,* 573 F.2d at 881 (citations omitted) (emphasis added); *see, Gulf Coast Inv. Corp. v. Secretary of Housing,* 509 F.Supp. 1321, 1325 (E.D.La.1980) ("[N]either the statutory nor decisional law of any particular state is applicable to this case."). There is no authorization within the statutes or the regulations of the National Flood Insurance Act which allow the recovery of punitive damages.

The National Flood Insurance Act established a pool of private insurance companies which shoulder the administrative implementation of the program. The objective of the program is to provide affordable flood insurance. The private insurance companies receive a percentage of the premiums paid and are exposed to a minimum of any risk of loss because the Federal Government acts as a guarantor and pays all allowable claims.

Punitive damages punish a defendant who has acted willfully or in gross disregard of a plaintiff's rights. Punitive damages are designed to teach the wrongdoer and deter others from acting similarly. *See generally*

Prosser, *The Law of Torts* § 2 (1971). The threat of punitive damages deters insurance companies, who would be otherwise unjustly enriched, from arbitrarily denying claims that rightfully should be paid. A private insurer does not have a pecuniary incentive to deny a claim under a policy issued through the National Flood Insurance Act. Any claim would be paid by the Federal Government. In *Fenton v. Federal Ins. Administrator*, 633 F.2d 1119 (5th Cir.1981), the Fifth Circuit, referring to *West*, likened the Federal Crime Insurance Act to the National Flood Insurance Act.

> The flood insurance program resembles the program here in that both are national in scope and subject to extensive federal regulation. Moreover, neither program competes with the private insurance industry, but instead provides coverage at affordable rates that would otherwise be unavailable. A prohibition against award of Attorney's fees, therefore, serves to reduce the cost to the federal government of operating these insurance programs.

*Id.*, 633 F.2d at 1122. Allowing punitive damages to be recoverable under the National Flood Insurance Act would simply defeat the philosophy behind the program.

Accordingly, the defendant's motion for partial summary judgment is sustained.

An ORDER in accordance with this opinion shall be entered.

### ORDER

In accordance with a Memorandum Opinion this day rendered in the above cause, the court hereby orders:

That the defendant's motion for partial summary judgment is sustained. Punitive damages are not recoverable against an insurance company which issued a policy pursuant to the National Flood Insurance Act.

SO ORDERED.