PARSONS FOOTWEAR, INC., a West Virginia corporation, and Carter Footwear, Inc., a Pennsylvania corporation, Plaintiffs,

v.

OMAHA PROPERTY AND CASUALTY CO., a Nebraska Corporation, Defendant.

Civil Action No. 2:98CV33.

United States District Court, N.D. West Virginia.

Sept. 16, 1998.

Stephen G. Jory, Jessica M. Baker, Jory & Smith, Elkins, for Plaintiffs Parsons Footwear, Inc. and Carter Footwear, Inc.

Erica M. Baumgras, Flaherty, Sensabaugh & Bonasso, Charleston, Gerald J. Nielsen, Nielsen Law Firm, Metairie, LA, for Defendant, Omaha Property and Casualty Company.

## MEMORANDUM OPINION AND ORDER

KEELEY, District Judge.

On August 17, 1998, the Court held a conference for the purpose of oral argument on defendant's "Motion to Dismiss Under Rule 12(b)(6)" and in the alternative, plaintiffs' "Motion to Remand." After due consideration of the arguments, the Court GRANTED the defendant's motion to dismiss. Furthermore, the Court DENIED the plaintiffs' motion to remand because this case involves a federal question.

This civil action concerns a claim for property damages based upon a Standard Flood Insurance Policy ("SFIP") issued by defendant Omaha Property and Casualty ("Omaha") to plaintiffs Parsons Footwear, Inc. and Carter Footwear, Inc. in accordance with the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001 and the applicable regulations found in Title 44 of the Code of Federal Regulations.

On March 10, 1997, Omaha denied the plaintiffs' claim for payment under the SFIP. The plaintiffs then filed a Complaint in the Circuit Court of Tucker County, West Virginia on March 10, 1998, seeking benefits under their flood policy. Pursuant to 28 U.S.C. § 1441(a), (b) and (c), Omaha removed the case to federal court on the basis of federal question jurisdiction. Omaha filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), which claims that plaintiffs' action is time barred based on their failure to file their complaint in federal court within one year following the denial of their claim. The plaintiffs have filed a motion to remand the case to the Circuit Court of Tucker County on the ground that there is no federal question jurisdiction inasmuch as the cause of action arises solely under West Virginia Code § 33–4–1 et seq. The issue before the Court is whether a state court has concurrent jurisdiction over private insurers operating as "Write–Your–Own" ("WYO") companies. If it does not, the Court must then decide whether the plaintiffs' timely filing of suit in state court served to toll the one year statute of limitations.

## I. BACKGROUND

The National Flood Insurance Program ("NFIP"), created pursuant to the National Flood Insurance Act, is a federally subsidized program which provides flood insurance at reasonable rates in flood prone areas. *Berger v. Pierce,* 933 F.2d 393 (6th Cir.1991). The Federal Emergency Management Agency ("FEMA") assumed principal responsibility for the program and the promulgation of the SFIP under 42 U.S.C. § 4071. Section 4071 authorizes FEMA to grant or deny flood insurance claims.

Pursuant to regulation, FEMA has delegated the authority to issue flood policies to "Write Your Own" ("WYO") private insurance companies. 44 C.F.R. § 61.13(f). WYO companies issue the SFIPs in their names, collect the premiums in segregated accounts, pay any claims and make necessary refunds under the policy. *See Webb v. Aetna,* 1997

WL 433500 (E.D.La. July 31, 1997).[1] The WYO receives compensation from the federal government for any claim exceeding funds available in the account by drawing on FEMA letters of credit. *Id.* at *1. As provided by 44 C.F.R. § 61.13(d), the WYOs are authorized to collect flood insurance premiums, but may not alter any SFIP provision designated by FEMA.

## II. DISCUSSION

Plaintiffs argue that no federal question exists, and, thus, this court lacks proper jurisdiction. Alternatively, plaintiffs contend the state court has concurrent jurisdiction over the matter.

### A. Federal Question.

■ This issue is not difficult and need only be dealt with briefly. In addressing the question of federal jurisdiction and SFIPs issued in conjunction with the National Flood Insurance Program, the Fourth Circuit has held that "[f]ederal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program." *Leland v. Federal Insurance Administrator,* 934 F.2d 524, 529 (4th Cir.1991). Similarly, the Fifth Circuit, in *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978), stated that "[s]ince the flood insurance program is a child of Congress conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision ... mandates the application of federal law ..." These cases evidence the fact that a federal question does exist in the case at hand.

■ The plaintiffs have cited the nature of the funds used for SFIPs as evidence that no federal question exists, characterizing Omaha's description of the premiums as federal funds from the moment they are collected as misleading. In an amicus brief filed on behalf of the United States in *Gowland v. Aetna,* 143 F.3d 951 (5th Cir.1998), however, the Government informed the court that "[p]re-

miums collected from policy holders by the WYO companies are, after deduction of the companies' fees and administrative costs, deposited in the National Flood Insurance Fund in the Treasury." Brief for the United States As Amicus Curiae Supporting Appellee at 3, *Gowland v. Aetna Casualty,* 143 F.3d 951 (5th Cir.1998)(No. 97–30397). *See also* 42 U.S.C. § 4017(d). Moreover, the Government explained further that "premiums are federal funds from the moment they are collected, with interest earned thereon belonging to the United States." Amicus Brief at 3, *Gowland* (No. 97–30397). *See also* 44 C.F.R. 62, App.(A), Art. VII(B). This Court agrees that the fact that the SFIP premiums are federal funds lends weight to the conclusion that a federal question does exist.

■ Defendant further asserts that under 42 U.S.C. § 4071(a)(1), the Director of FEMA is authorized to utilize federal employees or private insurance companies and other insurers, insurance agents and brokers, and insurance adjustment organizations, as fiscal agents of the United States. Thus, the defendant argues, by statute, the WYO companies are fiscal agents of the United States.

Plaintiffs dispute that. Pursuant to 44 C.F.R. § 62.23(g), they argue, "WYO Companies shall not be agents of the Federal Government and are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the administrator." *Id.* Therefore, they contend that the defendant is not an agent of the Federal Government, but rather is an independent insurance company responsible for the adjustment, payment of claims and defense of all actions arising out of their insurance policies. The defendant counters this with the analysis that, under the statute, the WYO is a "fiscal agent" but not a "general agent" of the United States.

Although this Court recognizes that 42 U.S.C. § 4071(a)(1) and 44 C.F.R. § 62.23(g)

---

1. The Court recognizes the general prohibition regarding the citation of unpublished cases, but

finds the analysis in the *Webb* case helpful in its decision of the issues raised here.

provide inconsistent descriptions of private insurance companies as agents of the United States Government, this discrepancy is insufficient to negate the conclusion that a federal question does exist.

### B. *Concurrent Jurisdiction.*

 The presumption of concurrent jurisdiction is rebutted by "an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between State Court jurisdiction and Federal interests." *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981).

Pursuant to 42 U.S.C. § 4072, any action to protest the denial of a flood claim must be made "within one year after the date of mailing of notice of disallowance or partial disallowance . . . in the United States district court for the district in which the insured property or the major part thereof shall be situated, *and original exclusive jurisdiction is hereby conferred upon such court.*" (Emphasis added)

In *Spence v. Omaha Indemnity Ins. Co.*, 996 F.2d 793 (5th Cir.1993), the Fifth Circuit held that the statute of limitations included in § 4072 applies to claims against WYO carriers. In the case at bar, Omaha has aptly noted the disparity that would result were the Court to recognize the time limitation requirement of § 4072 while ignoring its jurisdiction provision. Other courts have agreed. In *Webb v. Aetna*, for example, the district court explained that it would be "incompatible" with the intent of Congress to find concurrent jurisdiction on the part of state courts over actions against WYO companies.

Additionally, it is significant that the provisions set forth in § 4072 relating to time limitations and jurisdiction are duplicated in 44 C.F.R. § 62.22(a)[2], and in the SFIP itself, found at 44 C.F.R. Pt. 61, App.(A)(1) Art.(9)(R).[3] In the Court's opinion, the sum of these regulatory requirements serves as a sufficiently explicit statutory directive, rebutting the presumption of concurrent jurisdiction.

Moreover, in a recent case to recover benefits under a SFIP, the Fifth Circuit held that "the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced." *Gowland v. Aetna, supra*, 143 F.3d at 954.

Plaintiffs further contend that Omaha's reliance on 42 U.S.C. § 4072 to establish exclusive federal jurisdiction is flawed because that section provides that a claim denial be made by the director of FEMA. They argue that neither the director of FEMA nor any agent of the director of FEMA has issued a denial of their claim. They assert, therefore, that the exclusive jurisdiction provided in § 4072 must only apply to policies issued by FEMA and not to policies issued by WYO Companies.

 As indicated earlier, however, the Fifth Circuit has held that the statute of limitations section of 42 U.S.C. § 4072 does apply to claims against WYO companies. *Spence v. Omaha*, 996 F.2d at 795. The district court in *Webb v. Aetna* also was unconvinced by the plaintiff's argument that the defendant WYO company was an inappropriate party to issue a denial notification. From this, the Court concludes that § 4072 is applicable to actions brought against insurance companies who have contracted with FEMA to issue flood policies.

---

**2.** That regulation states in part that " . . . the claimant within one year after the date of mailing by the Federal Insurance Administration or the servicing agent of the notice of disallowance of the claim may, pursuant to 42 U.S.C. § 4072, institute an action on such claim against the Federal Insurance Administrator in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated, without regard to the amount in controversy."

**3.** This section of the SFIP states: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within twelve (12) months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court for district in which the insured property was located at the time of the loss."

## C. *Statute of Limitations.*

■ Turning to defendant's argument that plaintiffs' action is time barred, 42 U.S.C. § 4072, 44 C.F.R. § 62.22(a) and 44 C.F.R. Pt.61, App.(A)(1) Art.(9)(R) provide that any action to protest the denial of a flood claim made pursuant to a SFIP must be filed in a district court of the United States within one year following the claim denial. Omaha first denied plaintiffs' claim in a letter on March 10, 1997, and then again on May 3, 1997 and June 13, 1997. The plaintiffs sued Omaha in the Circuit Court of Tucker County, West Virginia on March 10, 1998. Upon receipt of service, Omaha timely removed the case to federal court, pursuant to 28 U.S.C. § 1441(a), (b) and (c). The obvious result, of course, is that the plaintiffs' claim was not filed in a United States District Court within one year of Omaha's denial of their claim as required by the regulations.

In addressing whether a plaintiff has timely filed his complaint as required by the SFIP, the general rule is that the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations. Here, the plaintiffs' filing in the Circuit Court of Tucker County, West Virginia, did not toll the one year statute of limitations in 42 U.S.C. § 4072, 44 C.F.R. § 62.22(a) and the SFIP itself at 44 C.F.R. Pt. 61, App.(A)(1) Art.(9)(R). The state court did not have concurrent jurisdiction over the claim of the plaintiffs; the subsequent removal caused their filing of a claim for property damages under an SFIP to exceed one year; and thus the claim became time barred.

In conclusion, a federal question does exist in this case, and 42 U.S.C. § 4072, 44 C.F.R. § 62.22(a) and 44 C.F.R. Pt. 61, App.(A)(1) Art.(9)(R) provide sufficient statutory directives to rebut the presumption of concurrent jurisdiction. Furthermore, the one year statute of limitations found at 42 U.S.C. § 4072, 44 C.F.R. § 62.22(a) and 44 C.F.R. Pt. 61, App.(A)(1) Art.(9)(R) is applicable as this case involves a claim arising from a Standard Flood Insurance Policy.

It is therefore **ORDERED** that the motion of the defendant to dismiss under Rule 12(b)(6) is **GRANTED** and this civil action is hereby **DISMISSED** and stricken from the docket of this Court.

It is so **ORDERED.**