**3608 SOUNDS AVENUE CONDOMINIUM ASSOCIATION, c/o John Mullen, Plaintiffs,**

v.

**SOUTH CAROLINA INSURANCE COMPANY, Defendant.**

**Civil Action No. 98–5416.**

United States District Court,
D. New Jersey.

July 27, 1999.

Margaret M. Harrington, Harrington & Caldwell, Cherry Hill, NJ, for Plaintiffs.

Joseph D. Sams, Marshall, Dennehey, Warner, Coleman & Goggin, Cherry Hill, NJ, Gerald J. Nielsen, Nielsen Law Firm, Metairie, LA, for Defendant.

## OPINION

RODRIGUEZ, District Judge.

This matter is before the court on motion of defendant South Carolina Insurance Company to dismiss paragraph 6 of plaintiff 3608 Sounds Avenue Condominium Association's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. For reasons stated herein, defendant's motion will be granted.

*Facts and Procedural History*

Plaintiff is 3608 Sounds Condominium Association located in Sea Isle City, New Jersey, and consists of two units owned by Mr. and Mrs. John Mullen and Mr. and Mrs. Ronald Williams. Defendant is an insurance company which issued a flood insurance policy to plaintiff covering the Sea Isle property for loss due to flood.

On January 28, 1998, while the policy was in effect, plaintiff alleges that its Sea Isle property sustained extensive loss and damage in the amount of $26,600 due to a flood, and thereafter the owners made a claim against the insurance policy to recover the loss. The insurance company refused to cover the loss.

On December 1, 1998, plaintiff filed a complaint in this Court against the insurance company for its failure to reimburse pursuant to the insurance policy, thereby breaching the flood insurance contract. Specifically, plaintiff's prayer for relief included the $26,600 in damages, as well as a

request for punitive damages, interest, costs and attorneys fees. Defendant has now moved for dismissal of plaintiff's claims for punitive damages and attorney's fees pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted because plaintiff's state law based claims are barred and preempted in cases involving claims against a National Flood Insurance Program policy, and because federal law does not provide for such a recovery.

*Standard for Dismissal*

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept all well pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Schrob v. Catterson,* 948 F.2d 1402 (3d Cir.1991); *Rogin v. Bensalem Twp.,* 616 F.2d 680, 685 (3d Cir.1980), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981). A court may not dismiss the complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984).

■ It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under the liberal federal pleading rules, a complaint need not spell out the theory of liability under which the plaintiff hopes to recover. *See Evans Products Co. v. West Am. Ins. Co.,* 736 F.2d 920, 923 (3d Cir.1984). It is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 446 (3d Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978).

However, as stated above, the Federal Rules of Civil Procedure do require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). *See also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149–50 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)("Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99).

*History of the National Flood Insurance Program*

The National Flood Insurance Act (NFIA) of 1968 was created to make flood insurance available through a program in which both the national government and the private insurance industry play a large role. 42 U.S.C.A. § 4001(b), (d). This program was instituted because insurance companies could not afford to offer flood insurance at competitive or affordable rates due to the high cost of covering flood losses. *Gowland v. Aetna,* 143 F.3d 951 (5th Cir.1998). Thus, the National Flood Insurance Program (NFIP) was instituted to provide a unified national program to reduce and avoid future losses due to floods by creating a reasonable method to share the risk of flood losses. 42 U.S.C.A. §§ 4001(a), (c), 4002(b). As a result, the NFIP provides low cost flood insurance to homeowners and small businesses that may suffer losses through damage to real and personal property from flooding. *Hidenfelter v. Director, Federal Emergency Management Agency,* 603 F.Supp. 434 (D.C.Mich.1985).

Originally, the NFIP was supervised by the Department of Housing and Urban Development, but it was run by a pool of private insurance companies that shared the underwriting risks, with federal financial participation. *West v. Harris,* 573

F.2d 873, 875 n. 1(5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979); 42 U.S.C. § 4011(c)(1). However, in 1978 the federal government took control of all operational responsibilities of the program. *Sodowski v. National Flood Ins. Program of Federal Emergency Management Agency,* 834 F.2d 653, 657 (7th Cir.1987), *cert. denied,* 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 619 (1988). As a result, the NFIP is currently administered by the Federal Emergency Management Agency (FEMA) and is operated financially through the National Flood Insurance Fund established by the Director of FEMA in the Treasury of the United States. 42 U.S.C.A. § 4017(a).

In 1983, Congress created the "Write Your Own" ("WYO") program, which allows private insurance companies like South Carolina Insurance Company to write their own insurance policies, and then submit them to the Flood Insurance Administration. *See* 44 C.F.R. §§ 62.23–.24. After depleting their net premium income, "WYO" companies then draw money from FEMA through letters of credit to disburse claims. *Id.* Therefore, regardless of whether FEMA or a "WYO" company issued a flood insurance policy, the United States Treasury funds pay the insureds' claims. *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161, 165 (3d Cir.1998)(citing *Gowland v. Aetna,* 143 F.3d 951, 955 (5th Cir.1998)). As a result, "WYO's" are fiscal agents of the Unites States. 42 U.S.C. § 4071(a)(1).

*Federal Law Governs Claims Arising Under the NFIA*

■ Federal law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program in order to maintain uniformity. *Sodowski,* 834 F.2d at 655; *Hanover Building Materials v. Guiffrida,* 748 F.2d 1011, 1013 (5th Cir.1984). Moreover, federal law is applicable to claims arising under the NFIA because the flood insurance program is a "child of Congress, conceived to achieve policies which are national in scope ... and the federal government participates extensively in the program both in a supervisory capacity and financially ..." *West,* 573 F.2d at 881.

Along with the principle that federal law governs claims arising under this Act, it is also well established that plaintiffs who assert flood insurance claims cannot recover penalties and attorney's fees because federal law preempts such state law claims. *Hanover Building Materials,* 748 F.2d 1011; *West,* 573 F.2d at 879; *Drewett v. Aetna Cas. & Sur. Co.,* 405 F.Supp. 877 (D.C.La.1975). Similarly, this Court has found no case brought under the NFIA in which attorney's fees were awarded pursuant to common law.

■ Further, there is no provision within the statutes or regulations of the National Flood Insurance Act which allows the recovery of punitive damages. *Eddins v. Omega Insurance Co.,* 825 F.Supp. 752 (N.D.Miss.1993). Ordinarily, the threat of punitive damages deters insurance companies from arbitrarily denying legitimate claims in order to be unjustly enriched. *Id.* at 753. In the flood insurance arena however, private insurance companies do not have a pecuniary incentive to deny a claim under a policy issued pursuant to the NFIA because all claims are paid by the federal government. *Id.* at 754. Furthermore, allowing recovery of punitive damages under the NFIA would "simply defeat the philosophy behind the program." *Id.* at 754. Thus, although the Third Circuit has declined to address the question of whether the NFIA preempts State law claims, this Court holds that it would be contrary to the purpose and functioning of that Act to allow plaintiff's State common law claims for punitive damages and attorney's fees to proceed in this case.

Plaintiff has argued that New Jersey common law is applicable in the present case, citing *Pickett v. Lloyds,* 131 N.J. 457, 621 A.2d 445 (1993). However, although that case discussed how New Jersey common law requires the parties to an insur-

ance contract to act in good faith, the claim in *Pickett* did not arise under the NFIA and therefore the case is not directly applicable. Plaintiff also argues that under *Van Holt* an insured can bring a claim under New Jersey common law based on *Pickett*. (Plaintiff's Brief, p. 5). However, in *Van Holt* the court never addressed the issue of whether an award of punitive damages and attorney's fees would be appropriate because the court determined that the insurance company's denial of coverage was not fraudulent and the claim was therefore dismissed. Thus, it cannot be inferred that the court would have allowed an award of punitive damages or attorney's fees, especially when the majority of case law has determined that punitive damages and attorney's fees are not recoverable under federal law in cases arising under the NFIA.

The NFIP was designed to make flood insurance available with the combined cooperation of the national government and the private insurance industry. It is well established that for purposes of uniformity of application throughout the country, federal common law governs claims arising under the NFIA and, accordingly, "neither the statutory nor decisional law of any particular state is applicable." *Linder and Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3d Cir.1999) (citations omitted). As a result, plaintiff's State common law claims of punitive damages and attorney's fees are not cognizable in this case brought pursuant to the NFIA. Even accepting plaintiff's allegations as true and viewing them in the light most favorable to the plaintiff, this Court cannot hold that the plaintiff has pleaded a set of facts which would entitle it to relief of punitive damages and attorney's fees. Therefore, the State common law based claims for punitive damages and attorney's fees found in paragraph 6 of plaintiff's complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

An appropriate Order will be entered.

## ORDER

For the reasons set forth in this Court's Opinion, filed even date,

IT IS ORDERED on this 26th day of July, 1999 that defendants' motion to dismiss the claims for punitive damages and attorney's fees for failure to state a claim upon which relief can be granted is ***GRANTED.***